IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                                      ORDER

                    v.                                          09-cr-85-bbc-1

DOUGLAS NICKERSON,

                Defendant.

---

A hearing on the probation office's petition for judicial review of Douglas Nickerson's supervised release was held on May 31, 2016, before U.S. District Judge Barbara B. Crabb. The government appeared by U.S. Attorney John Vaudreuil. Defendant was present in person and by counsel, David A. Geier. Also present was U.S. Probation Officer Lisa A. Siegel.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on March 25, 2010, following his conviction for insurance fraud, in violation of 18 U.S.C. §§ 1033 and 2. This

1

offense is a Class C felony. Defendant was sentenced to a 46-month term of imprisonment to be followed by a three-year term of supervised release, subject to standard and special conditions. He was ordered to pay a $100 criminal assessment penalty and $1,033,306.08 in restitution. Defendant began his term of supervised release on October 1, 2013.

Defendant has violated the mandatory condition of his probation requiring him to pay any ordered financial obligation in accordance with the Schedule of Payments set forth in the judgment; Special Condition No. 2, requiring him to provide any and all requested financial information, including copies of tax returns, to the probation office; Standard Condition No. 2, requiring him to report to the probation office as directed and submit monthly reports to the probation office; Standard Condition No. 3, requiring him to follow the instructions of the probation officer; and Special Condition No. 5, requiring him to provide the probation office copies of his tax returns and apply 100 percent of his yearly federal and state taxes toward restitution.

The judgment specified that defendant's restitution was due in full immediately; however, because of his financial situation, defendant could not comply with that requirement. Instead, he agreed with the probation office to make monthly payments in the amount of 10 percent of his gross wages. Since his supervision commenced on October 1, 2013, he has made a total of seven restitution payments, totaling $1,259.78. It

appears however that his employer has been garnishing his wages and that his money will be turned over to the government promptly. He has failed to submit copies of his 2014 or 2015 tax returns to the probation office. It appears also that the government has kept defendant's tax refunds for application to his restitution obligation. However, defendant failed to submit monthly reports, paycheck stubs and monthly cash flow statements as instructed on numerous occasions.

In addition, defendant violated Special Condition No. 6, requiring him to participate in a gambling addiction program, as approved by the probation officer. On June 30, 2014, defendant was given the option to be referred for individual counseling or to participate in Gambler's Anonymous. He was instructed to submit a weekly synopsis of what was covered or what he learned in Gambler's Anonymous, or to notify his supervising officer if he preferred to begin individual counseling. Defendant did not respond and has not submitted any verification of his attendance at a gambling addiction program of his own choosing.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the Guidelines Manual provides that upon the finding of a Grade C violation, the court may revoke or extend supervised release or modify the conditions of supervision. Under 18 U.S.C. § 3583(e)(3), the maximum term of imprisonment that may be imposed is two years, because the original offense was a Class C felony. Under 18

3

U.S.C. § 3583(h), the court is authorized to impose a subsequent term of supervised release to follow imprisonment. In this case however his supervised release cannot be extended because he was originally sentenced to the maximum authorized term of supervised release. 18 U.S.C. § 3583(e)(2).

## CONCLUSIONS

Defendant's violations do not warrant revocation at this time. Defendant has failed to make a good-faith effort in paying his restitution obligation, failed to submit the requested financial documentation to the probation office and failed to participate in a program for gambling addiction. He is required to complete a gambling addiction assessment and treatment as previously ordered and to verify his compliance. A 25 percent garnishment of his wages has already been implemented. I find that this is sufficient to guarantee timely, future payments. Accordingly, the three-year term of supervised release imposed on defendant on March 25, 2010, will be continued.

Defendant's criminal history category is I. With a Grade C violation, defendant has an advisory guideline range of imprisonment of three to nine months. Under 18 U.S.C. § 3583, the statutory maximum to which defendant can be sentenced upon revocation is 24 months because this offense is a Class C felony.

Although 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow a term of imprisonment, that is not an option in defendant's case because defendant

was sentenced originally to the maximum term of supervised release.

After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, I have chosen to continue defendant's supervised release, with additional conditions. A continuation of supervised release, with an emphasis on the requirement to participate in treatment and a requirement to maintain employment, will accomplish the statutory purposes of sentencing and allow defendant to remain in the workforce so that he is able to make restitution payments through the garnishment that has been implemented.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Douglas Nickerson on March 25, 2010, is continued. Defendant is ordered to maintain his employment. He is also ordered to obtain a gambling addiction assessment under Special Condition No. 6, no later than June 30, 2016, and is to sign a release to allow communication between his treatment provider and the probation officer. Defendant is ordered to participate in treatment if deemed appropriate and shall sign a release form to allow the probation office and the treatment provider unrestricted contact regarding his treatment.

The Standard and Special Conditions previously imposed shall remain in effect as ordered.

Entered this 1st day of June, 2016

BY THE COURT:

/s/

_____
Barbara B. Crabb
District Judge